UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CYNTHIA FICCO SKINNER,<br><br>               Plaintiff,<br><br>   v.<br><br>AMERICAN FAMILY INSURANCE COMPANY ET AL,<br><br>               Defendant. | Case No. 3:25-cv-05193-TMC<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |

## I. INTRODUCTION

This case arises out of an insurance dispute between Plaintiff Cynthia Ficco Skinner and Defendants American Family Insurance Company ("American Family"), American Family Insurance Mutual Holding Company, American Family Mutual Insurance Company SI, American Family Insurance Group, American Family Mutual Insurance Company, American Standard Insurance Company of Wisconsin, and American Standard Insurance Company of Ohio. Skinner alleges that Defendants failed to inform her of coverage benefits under her insurance policy and did not cover all of her reasonable and necessary medical treatment for injuries arising from a motor vehicle accident.

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 1

Before the Court is Defendant American Family's motion to dismiss (Dkt. 5), seeking dismissal of all claims because the complaint in part names USAA, not American Family, as Defendant. *See* Dkt. 1-2. Based on this error, American Family further seeks to prohibit Skinner from relating back causes of action that were pled against USAA. For the reasons explained below, the motion to dismiss is GRANTED. But because defects in the complaint could be cured by amendment, Skinner is GRANTED leave to amend her complaint no later than June 24, 2025.

## II. BACKGROUND

On February 11, 2025, Skinner filed this lawsuit in Clark County Superior Court. Dkt. 1-2 at 2. The complaint alleges that on February 26, 2019, Skinner was rear-ended while she was stopped at a stop sign in Clark County, Washington. *Id*. As a result of this collision, Skinner "was injured in her head, neck and back, from which she has suffered a traumatic brain injury, pain, headache, sleep disruption, vertigo, dizziness, and Benign Paroxysmal Positional Vertigo." *Id.* at 4. Skinner "timely notified Defendant of the collision and met all obligations . . . to obtain PIP and UIM benefits under her Defendant insurance policy[.]" *Id.* at 5–6. She alleges that "Defendant sent her a letter purporting to disclose the PIP coverages available to her" but "failed to informed [her] of lost wage and household services expense coverage benefits, or to advise her of Underinsured Motorist ("UIM") coverage benefits available to her[.]" *Id.* at 6.

Due to the lack of disclosure, Skinner alleges that "Defendants failed to pay for all of [her] reasonable and necessary collision injury treatment as it was obligated to do" and upon receiving additional documentation from her unpaid medical providers, "Defendants still failed to pay reasonable charges for necessary medical treatment of collision injuries." *Id.* Based on these allegations, Skinner brings five causes of action against Defendants: (1) breach of contract, (2) violations of the Washington Consumer Protection Act, (3) breach of duty to conduct

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 2

business in good faith, (4) negligence, and (5) violations of the Insurance Fair Conduct Act. *Id.* at 6–8.

The complaint identified "Defendant" as "those entities identified in the caption of this Complaint," which includes American Family. *Id.* at 3. It used the term "Defendant" until halfway through the complaint, *see id.* at 2–6, when it began to refer to USAA as Defendant, *see id.* at 6–9 The prayer for relief included blank spaces that suggest Skinner's counsel was using a form template for the complaint. *See id.* at 8.

American Family moved to dismiss Skinner's claims for failure to state a claim. Dkt. 5. Skinner did not file a response, but American Family replied. Dkt. 6. The motion is ripe for the Court's consideration.

### III. DISCUSSION

**A. Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted). To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party," *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014), but need not "accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**B.     The complaint does not state a claim against the correct Defendant.**

American Family argues that despite naming it as a defendant in this action, *see* Dkt. 1-2, none of the causes of action is asserted against American Family. Dkt. 5 at 3; Dkt. 6 at 4–5. Instead, all claims are asserted against USAA, who is not a named Defendant. Dkt. 5 at 3 (citing Dkt. 1 at 6–8); Dkt. 6 at 4 (citing Dkt. 1 at 8).

"[A] party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant." *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014) (citation omitted); *see Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[T]he question of whether a defendant is properly in a case is not resolved by merely reading the caption of a complaint. Rather, a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant.") (citation omitted).

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 4

The Court agrees that some claims contained in the body of the complaint appear to be directed at USAA. *See, e.g.,* Dkt. 1 at 7 ("USAA owed statutory, contractual, and common law duties to Ms. Skinner which were breached by the negligent conduct of USAA in the discharge of its duties[.]"). But the Court also notes that the complaint stated that "Defendants" are "those entities identified in the caption of this Complaint as the Defendant", *see id.* at 3, and refers to "Defendant" throughout the first section of the complaint. *See, e.g., id.* at 6 ("Despite a legal obligation to do so, *Defendant* failed to informed Ms. Skinner of lost wage and household services expense coverage benefits available to her for this collision[.]") (emphasis added).

Still, the body of the complaint does not make it plain that American Family was the intended Defendant. *See Rice*, 720 F.2d at 1085; *Habelt v. iRhythm Techs., Inc.*, 83 F.4th 1162, 1166 (9th Cir. 2023), *cert. denied*, 145 S. Ct. 144 (2024) ("Beyond an individual's mere inclusion in the caption, the more important indication of whether she is a party to the case are the allegations in the body of the complaint.") (citation modified). Federal Rule of Civil Procedure 8(a) requires that a plaintiff "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). By naming USAA as Defendant in the body of the complaint, the pleading fails to serve this basic purpose. The complaint as a whole must give fair notice of who the defendants are and what causes of action are brought against them. Thus, the motion to dismiss is GRANTED on this basis.

C.     **Leave to amend is granted.**

"Leave to amend shall be freely given when justice so requires, and this policy is to be applied with extreme liberality." *Bacon v. Woodward*, 104 F.4th 744, 753 (9th Cir. 2024) (quoting *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014)). The Ninth Circuit has repeatedly held that "[e]ven if a complaint is deficient . . . 'a district court should

grant leave to amend *even if no request to amend the pleading was made*, unless it determines that the pleading could not be cured by the allegation of other facts.'" *Id.* (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)) (emphasis in original).

Skinner has not yet amended her complaint and the deficiencies in naming the correct Defendant may be cured through the addition of factual allegations. At this stage of litigation, it is premature to conclude that amendment would be futile. Accordingly, the Court GRANTS Skinner leave to amend the complaint within 14 days after filing of this order.

**D.    Relation Back**

American Family contends that since Skinner "has not properly pled facts as to American Family which could give rise to any new asserted causes of action," she should not be allowed to relate back any newly asserted claims against American Family. Dkt. 5 at 7.

American Family, however, raises an issue that is better addressed in a fully briefed dispositive motion directed at the amended complaint (if Skinner files one). For example, the relevant statute of limitations and the application of the relation back doctrine depend on what new claims are alleged, and further development of the record could also be needed to determine whether Skinner is entitled to some form of tolling. *See Wilson v. Washington*, No. C16-5366BHS, 2016 WL 4765910, at *2 (W.D. Wash. Sept. 13, 2016) (Since "it is rarely clear from the complaint alone that a party is not entitled to some form of tolling . . . the Court need not address [the party's] request that the amended complaint relate back until the issue is raised in a dispositive motion.").

Accordingly, the Court will address the issue of relation back if Defendants raise it in a future motion after Skinner files an amended complaint.

### IV.    CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- American Family's motion to dismiss (Dkt. 5) is GRANTED. The claims are dismissed without prejudice.
- Skinner is GRANTED leave to amend to file an amended complaint no later than June 24, 2025. If Skinner does not file an amended complaint, the case will be dismissed without prejudice.

Dated this 10th day of June, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 7